**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-174 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| (1) ANTWOYN TERRELL SPENCER,<br>(2) DERRICK JEROM SPENCER,<br>(3) FREDERICK DWAYNE SPENCER, | |
| Defendants. | |

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Mark D. Nyvold, **NYVOLD LAW OFFICE**, 332 Minnesota Street, Suite W-1620, St. Paul, MN 55101, for defendant Antwoyn Spencer.

James B. Sheehy, **SHEEHY LAW**, 247 Third Avenue South, Minneapolis, MN 55415, for defendant Derrick Spencer.

David Roston, **SEGAL ROSTON & BERRIS**, 250 Second Avenue South, Suite 225, Minneapolis, MN 55401; and Robert E. Oleisky, **OLEISKY & OLEISKY**, 250 Second Avenue South, Suite 225, Minneapolis, MN 55401, for defendant Frederick Spencer.

Defendant Antwoyn Spencer was charged along with three other defendants with multiple counts of drug-related offenses and money laundering. Antwoyn Spencer filed various pre-trial motions including a motion to suppress evidence of a gun that was seized from his residence pursuant to a search warrant. In a Report and Recommendation dated August 7, 2007, United States Magistrate Judge Jeanne J. Graham recommended

that this Court deny Antwoyn Spencer's motion to suppress. Antwoyn Spencer objected to the Report and Recommendation. This Court has conducted a *de novo* review of the objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons discussed below, the Court adopts the Report and Recommendation and denies Antwoyn Spencer's motion to suppress the gun.

## BACKGROUND

On June 13, 2007, officers executed a federal search warrant at defendant Antwoyn Spencer's residence in Brooklyn Park, Minnesota. The search warrant contained a list of items to be seized, which included "[f]irearms, ammunition and firearms related paraphernalia possessed without authority of law." The warrant was accompanied by a sworn affidavit filed by Officer Denis Otterness, an agent with the Drug Enforcement Administration ("DEA").

The supporting affidavit stated that Antwoyn Spencer had been engaged in drug trafficking for approximately nine years. The affidavit also contained detailed information provided by a confidential informant stating that the informant had delivered significant amounts of cocaine to Antwoyn Spencer's house on at least four occasions. Another confidential informant stated he had seen Antwoyn Spencer in possession of firearms in the recent past. Officer Otterness stated in the affidavit that, based on his training and experience in drug trafficking investigations, it is common for drug traffickers to possess firearms and ammunition at their residences.

While executing the search warrant at Antwoyn Spencer's residence, officers found and seized a loaded semiautomatic pistol. The gun was located on a television stand in the upstairs master bedroom.

Antwoyn Spencer moved to suppress evidence of the gun, arguing that the statement in the accompanying affidavit that Antwoyn Spencer had used guns in the past did not provide probable cause to believe that he unlawfully possessed a firearm at the time the warrant was executed. Antwoyn Spencer further argued that the search warrant allowed officers to seize only firearms possessed without authority of law, and that nothing in the accompanying affidavit provided officers with probable cause to believe that the seized gun was possessed unlawfully.

The Magistrate Judge disagreed, noting that officers executing a search warrant are not obliged to interpret it narrowly, and that they may seize an object to investigate further when it is not immediately clear that the object is among those to be seized under the warrant. The Magistrate Judge further determined that, even if seizure of the gun were not authorized by the search warrant, the gun fell within the plain view exception. On this basis, the Magistrate Judge recommended that this Court deny Antwoyn Spencer's motion to suppress evidence of the gun. These objections followed.

## ANALYSIS

**I.    THE SEARCH WARRANT**

The Fourth Amendment requires a showing of probable cause before a search warrant may be issued. U.S. Const. amend. IV; *Warden v. Hayden*, 387 U.S. 294, 301-02

(1967). In determining whether probable cause exists to support a search warrant, a detached and neutral magistrate judge must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing magistrate judge may consider only the facts and circumstances alleged in the affidavit accompanying the search warrant. *United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2006). In reviewing a warrant for probable cause, the Court generally accords great deference to the determination of the issuing magistrate judge. *Gates*, 462 U.S. at 236; *United States v. Maxim*, 55 F.3d 394, 397 (8th Cir. 1995).

Antwoyn Spencer's objection renews two arguments presented to the Magistrate Judge attacking the sufficiency of the affidavit and the execution of the search warrant. Antwoyn Spencer argues first that the affidavit fails to establish probable cause to believe that he unlawfully possessed a firearm at the time the warrant was executed, even if it establishes probable cause to believe that he had *in the past* unlawfully possessed a gun in connection with drug trafficking. Antwoyn Spencer then argues that the search warrant authorized seizure only of those firearms "possessed without authority of law." According to Antwoyn Spencer, because the affidavit did not provide probable cause to believe Antwoyn Spencer unlawfully possessed a gun at the time the warrant was executed, officers acted outside the scope of the warrant by seizing the gun in question.

With respect to Antwoyn Spencer's first argument, the Court finds that the accompanying affidavit sets forth sufficient facts to allow a detached and neutral

magistrate judge to find probable cause to support the search warrant. The affidavit provided ample details of Antwoyn Spencer's drug trafficking activity, including information related to drug deliveries to Antwoyn Spencer's residence, statements by a confidential informant that Antwoyn Spencer had possessed firearms in the recent past, and statements by Officer Otterness that it is common for drug dealers to possess firearms and ammunition at their residences. A practical, common-sense assessment of the facts and circumstances in the affidavit suggests a fair probability that Antwoyn Spencer possessed firearms in furtherance of his drug trafficking activity at the time the warrant was executed. As such, the search warrant should not be read as limited only to those firearms possessed unlawfully in the past. Thus, the search warrant's inclusion in the list of objects to be seized of "firearms . . . possessed without authority of law" is supported by probable cause.

Given the Court's finding that the search warrant is supported by probable cause, Antwoyn Spencer's second argument must fail. Because the affidavit suggested a fair probability that Antwoyn Spencer unlawfully possessed a gun at the time the warrant was executed, the officers did not act outside the scope of the warrant by seizing the gun in accordance with the terms of the search warrant.

Antwoyn Spencer also challenges the execution of the search warrant on grounds that the officers exceeded the scope of the search warrant by seizing the gun to further ascertain whether it was possessed lawfully or not. Whether items seized fit within a warrant's description "ultimately turns on the substance of the items seized and not the label assigned to it." *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 516 (8th

Cir. 2005) (internal quotations and citations omitted). The Eighth Circuit has found that initial seizure of contraband is permissible where it is impractical for officers to make an immediate determination whether the objects seized are encompassed within the terms of the warrant. *United States v. Horn*, 187 F.3d 781, 788 (8th Cir. 1999). As such, the Court agrees with the Magistrate Judge that the officers' seizure of the gun did not exceed the terms of the search warrant. Antwoyn Spencer's motion to suppress evidence of the seized gun is therefore denied on this basis.

## II.     PLAIN VIEW EXCEPTION

Antwoyn Spencer next argues that the Magistrate Judge's determination that the gun should be allowed under the plain view exception was in error. Antwoyn Spencer argues that the incriminating nature of the gun was not immediately apparent to officers on the scene.

Under the plain view doctrine, an officer may seize evidence without a warrant where the object's incriminating character is immediately apparent and the officer has a lawful right of access to the object itself. *United States v. Hughes*, 940 F.2d 1125, 1126-27 (8th Cir. 1991). The "immediately apparent" requirement means officers must have "probable cause to associate the property with criminal activity." *United States v. Hatten*, 68 F.3d 257, 261 (8th Cir. 1995). The prosecution bears the burden of proof that a plain view exception to the warrant requirement is met. *Arkansas v. Sanders*, 442 U.S. 753, 759-60 (1979).

The Court finds that the incriminating nature of the gun was immediately apparent. The gun was found in plain view on top of a TV stand in the master bedroom of Antwoyn Spencer's residence. The officers on the scene had probable cause to believe that Antwoyn Spencer had been engaged in relatively large-scale drug trafficking for approximately nine years, and that his residence was used for drug dealing. As discussed above, the accompanying affidavit set forth Officer Otterness's opinion that large-scale drug dealers often possess firearms in their residences, and provided information from informants that Antwoyn Spencer had in the past used firearms. In light of this information, the Court finds that officers on the scene had probable cause to associate the gun with the illegal drug trafficking activity. *Cf. United States v. Nichols*, 334 F.3d 793, 799 (8th Cir. 2000) (applying plain view exception to allow the seizure of a gun found underneath defendant's mattress in proximity to drugs); *Hatten*, 68 F.3d at 261 (applying plain view exception to a partially hidden gun because "[h]idden guns, even badly hidden guns, are by their nature incriminating").

Even accepting Antwoyn Spencer's argument that the search warrant was not supported by probable cause, and that the officers exceeded the scope of the warrant, the Court concludes that evidence of the gun is admissible pursuant to the plain view exception.

### ORDER

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** defendant Antwoyn Spencer's objections [Docket No. 95] and **ADOPTS**

the Report and Recommendation dated August 7, 2007 [Docket Nos. 89, 90 and 91].  **IT IS HEREBY ORDERED** that:

1. Defendant Antwoyn Spencer's Motion to Suppress Evidence Obtained Through Search and Seizure [Docket No. 66] is **DENIED**.

2. All other dispositive motions [Docket Nos. 29, 42, 48, 50, 54, 67] are **WITHDRAWN**.

DATED:  September 7, 2007         s/ John R. Tunheim\_
at Minneapolis, Minnesota.        JOHN R. TUNHEIM
       United States District Judge