# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) ANTWOYN TERRELL SPENCER<br>  and<br>(2) DERRICK JEROME SPENCER,<br><br>Defendants. | Criminal No. 07-174 (JRT/JJG)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Antwoyn Terrell Spencer, #14781-041, USP – FCI Greenville, P.O. Box 5000, Greenville, IL 62246, defendant *pro se*.

Derrick Jerome Spencer, #14779-041, USP - FCI Milan, P.O. Box 1000, Milan, MI 58160, defendant *pro se*.

Antwoyn Spencer and Derrick Spencer were found guilty by a jury the crimes of conspiracy and possession with intent to distribute cocaine.  They were sentenced to prison terms in accordance with the applicable for their crimes.  They seek habeas relief contending they were deprived of constitutionally effective assistance of trial counsel and of appellate counsel.  Since ineffective assistance of counsel was raised on direct appeal, the Court finds the Spencers are not entitled to habeas relief.

## BACKGROUND

On September 18, 2007, a jury found defendant Antwoyn Spencer guilty of one count of conspiring to distribute cocaine and crack cocaine (and that the amount was over 5 kilograms of powder cocaine and 50 grams of crack cocaine), one count of attempted possession with intent to distribute cocaine, and one count of money laundering.  *See* 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A); 18 U.S.C. §§ 2, 1956(a)(1)(B)(i), (2).  The jury acquitted Antwoyn Spencer of two additional counts of money laundering.  *See* 18 U.S.C. § 1956(a)(1)(B)(i), 2.  He was subsequently sentenced to 324 months on the two counts of conspiracy and attempted possession with intent to distribute, and 240 months on the money laundering count to be served concurrently.[1]

On September 18, 2007, a jury found defendant Derrick Spencer guilty of one count of conspiring to distribute cocaine and crack cocaine (and that the amount was over 5 kilograms of powder cocaine and 50 grams of crack cocaine), and two counts of the crime of distribution of cocaine.  *See* 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A).  The jury acquitted Derrick Spencer of one additional count of the crime of distribution of cocaine and one count of attempted possession with intent to distribute cocaine. . *See* 18

---

[1] Recitation of the facts of this case are available both in this Court's denial of the Spencers' motions for new trial or for acquittal, *United States v. Spencer*, Crim. No. 07-174, 2008 WL 4104693, at *2 (D. Minn. Aug. 29, 2008), and in the Eighth Circuit's affirmation of that order, *United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010).

U.S.C. §§ 2, 1956(a)(1)(B)(i), (2). He was sentenced to 292 months on the conspiracy count and 240 months on the distribution counts to be served concurrently.

The Eighth Circuit confirmed both convictions on direct appeal. *United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010). On April 23, 2010, Antwoyn Spencer filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and on May 17, 2010 Derrick Spencer filed the exact same motion.[2]

## ANALYSIS

### I. STANDARD OF REVIEW

Section 2255 of Title 28 provides persons in federal custody a limited opportunity to collaterally attack the constitutionality or legality of the sentence and conviction

---

[2] The Spencers have filed several other motions related to their habeas motions. Antwoyn Spencer's motion for summary judgment is rendered moot by this order. Antwoyn Spencer also filed several motions to expedite the proceedings. Given that the Spencers filed their motions in March and May of 2010, the government responded by June 2010, and the Court is now issuing an order on the petition, the Court finds that petitioner's motions are without merit and the time needed to process the motions was not excessive. *See, e.g., Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (explaining situations in which delays in addressing habeas petitions are unavoidable). Antwoyn Spencer also filed a motion to set a date to reply to the government's motion, which this Court interprets as a motion to expedite. Finally, Derrick Spencer filed a motion to find the government in default since a different attorney filed the government's response than who he had expected and it was filed four days after the deadline established by the Court. The Court denies this motion as a change in attorneys and the short time delay in the response did not prejudice petitioner nor cause undue delay in the Court in responding to his habeas petition. Further, the Court finds that an evidentiary hearing on these motions is unnecessary because "the motion[s] and the files and records of the case conclusively show that [the Spencers are] entitled to no relief." 28 U.S.C. § 2255(b). As set forth below, all of the Spencers' allegations either are (1) insufficient to entitle them to relief, even if accepted as true; or (2) contradicted by the record, inherently incredible, or conclusions rather than statements of fact. United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005) (citing Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

prescribed by the Court. *See United States v. Addonizio,* 442 U.S. 178, 185 (1979); *Embrey v. Hershberger,* 131 F.3d 739, 740 (8th Cir. 1997). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The Spencers first assert that they did not have effective assistance of counsel at the trial court because trial counsel (1) failed to challenge the sufficiency of the evidence to support a conviction on each of the counts for which they were convicted, (2) failed to object to Jury Instruction Number 20, (3) failed to object to Jury Instruction Number 21, (4) failed to object to the statement by the counsel of a co-defendant that each was "hiding behind the Fifth Amendment," and (5) failed to object to the sufficiency of the evidence of the drug quantities involved. Each of these alleged deficiencies in the trial proceedings, however, was raised during the Spencers' motions for a new trial and during their appeal to the Eighth Circuit. *Spencer*, 2008 WL 4104693, at *2. The Spencers have now recast the same issues as ineffective assistance of counsel claims in an attempt to avail themselves of the remedies of § 2255. The Court does not find this recharacterization of claims automatically places them within the "narrow range of

injuries that could not have been raised on direct appeal," and further, since the issues were raised in the appeals, the record belies the claims.

Furthermore, "[a] defendant claiming ineffective assistance of counsel must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant."  *Keys v. United States*, 545 F.3d 644, 646 (8th Cir. 2008) (internal quotation marks omitted).  "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (internal quotation marks omitted).  "To overcome that presumption, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[;] a reasonable probability meaning a probability sufficient to undermine confidence in the outcome."  *Id*. (internal quotation marks omitted).

Here, where the Spencers' claims were substantively addressed by both the trial court in the motion for a new trial and by the Eighth Circuit in the appeal, the Court finds that the Spencers cannot make an affirmative showing that "counsel's deficient performance prejudiced" them.  If prejudice on the underlying issues existed, so as to "undermine confidence in the outcome," the trial court would have granted a new trial or the Eighth Circuit would have overturned the denial of same.  Since the trial court and the Eighth Circuit determined that the **errors** did not warrant a new trial, counsel's **actions** at trial addressing those errors cannot be said to have prejudiced the defendants' under the

higher standard set out by *Strickland v. Washington*. 466 U.S. 668, 687 (1984) ("[The standard for ineffective assistance of counsel] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

### III.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The Spencers further argue that their appellate counsel was ineffective because of failures to challenge the factual information in the presentence recommendation and raise challenges under Rule 32 of the Rules of Criminal Procedure based on the drug quantity. However, on appeal, the Eighth Circuit specifically addressed the factual information in each of the convictions including the drug quantity. *Spencer*, 592 F.3d at 881-82 ("In its written statement of reasons for imposing sentences for both Antwoyn and Derrick, the district court noted that it overruled their challenges to the drug-quantity calculations. . . . The district court's careful determinations were not clearly erroneous." (internal quotation marks omitted)). Since appellate counsel raised the issue, and the Eighth Circuit determined there was no error, the Spencers' ineffective assistance of counsel claims similarly fail.

### IV.   CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to

resolve the issues differently, or the case must deserve further proceedings.  *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).  The Court finds that it is unlikely that another court would decide the issues raised in these § 2255 motions differently.  For this reason, the Court concludes that the Spencers have failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

# ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Antwoyn Spencer's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 338] is **DENIED**.

2. Derrick Spencer's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 341] is **DENIED**.

3. Antwoyn Spencer's motions for an evidentiary hearing pursuant to 28 U.S.C. § 2255 [Docket Nos. 357 and 360] are **DENIED.**

4. Antwoyn Spencer's request for a status update [Docket No. 354] is **DENIED as moot**.

5. Antwoyn Spencer's motions to expedite [Docket Nos. 358 and 359] are **DENIED as moot**.

- 8 -

6. Antwoyn Spencer's motion to set a time for filing a reply to the government's response [Docket No. 362] is **DENIED as moot**.

7. Antwoyn Spencer's motion for summary judgment [Docket No. 355] is **DENIED**.

8. Derrick Spencer's motion for default judgment against the government [Docket No. 353] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that:

9. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendants' motions.

DATED:  April 15, 2011　　　　　　　　　　　_____s/ John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge