# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-174 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTIONS TO ALTER OR AMEND JUDGMENT** |
| (1) ANTWOYN TERRELL SPENCER and | |
| (2) DERRICK JEROME SPENCER, | |
| Defendants. | |

Jeffrey S. Paulsen, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Antwoyn Terrell Spencer, #14781-041, USP – FCI Greenville, P.O. Box 5000, Greenville, IL 62246, defendant *pro se*.

Derrick Jerome Spencer, #14779-041, USP - FCI Milan, P.O. Box 1000, Milan, MI 58160, defendant *pro se*.

Antwoyn Spencer and Derrick Spencer were found guilty by a jury of the crimes of conspiracy and possession with intent to distribute cocaine. They were sentenced to prison terms in accordance with the applicable statues for their crimes. They sought habeas relief contending they were deprived of constitutionally effective assistance of trial counsel and of appellate counsel, which the Court denied. The Spencers now seek

alteration of this judgment under Federal Rule of Civil Procedure 59(e).  Because the Court finds no error in its original judgment, the motions are denied.

**BACKGROUND**

On September 18, 2007, a jury found defendant Antwoyn Spencer guilty of one count of conspiring to distribute cocaine and crack cocaine, one count of attempted possession with intent to distribute cocaine, and one count of money laundering.  *See* 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A); 18 U.S.C. §§ 2, 1956(a)(1)(B)(i), (2).  The jury acquitted Antwoyn Spencer of two additional counts of money laundering.  *See* 18 U.S.C. § 1956(a)(1)(B)(i), 2.  The Court subsequently sentenced him to 324 months on the two counts of conspiracy and attempted possession with intent to distribute, and 240 months on the money laundering count, to be served concurrently.[1]

On September 18, 2007, a jury found defendant Derrick Spencer guilty of one count of conspiring to distribute cocaine and crack cocaine, and two counts of the crime of distribution of cocaine.  *See* 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A).  The jury acquitted Derrick Spencer of one additional count of the crime of distribution of cocaine and one count of attempted possession with intent to distribute cocaine.  *See* 18 U.S.C.

---

[1] Recitation of the facts of this case are available both in this Court's denial of the Spencers' motions for new trial or for acquittal, *United States v. Spencer*, Crim. No. 07-174, 2008 WL 4104693, at *2 (D. Minn. Aug. 29, 2008), and in the Eighth Circuit's affirmation of that order, *United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010).

§§ 2, 1956(a)(1)(B)(i), (2).  The Court sentenced him to 292 months on the conspiracy count and 240 months on the distribution counts, to be served concurrently.

The Eighth Circuit affirmed both convictions on direct appeal.  *United States v. Spencer*, 592 F.3d 866 (8th Cir. 2010).  On April 15, 2011, the Court denied the Spencers' motions to vacate, set aside, or correct their sentences pursuant to 28 U.S.C. § 2255.  The Spencer's now move to for reconsideration of this ruling under Federal Rule of Civil Procedure 59(e).  (Docket Nos. 365, 366.)

## ANALYSIS

A Rule 59(e) motion serves the limited function of correcting "manifest errors of fact or law or to offer newly discovered evidence . . . ."  *Casaneira v. Ligtenberg*, 262 Fed. App'x 726, 726 (8th Cir. 2008).  Such a motion cannot be used to introduce evidence that was available prior to entry of judgment but was not proffered, to re-litigate old issues, to advance new theories, or to secure a rehearing on the merits.  *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *Karriem v. United States*, No. 00–213(1), 2003 WL 22076585, at *1 (D. Minn. Aug. 25, 2003).

The Spencers argue that the Court erred in its application of the standard of review for a § 2255 claim for habeas relief and that the Court "failed to evaluate Movant's claims in light of . . . *Strickland v. Washington*, 466 U.S. 668 (1984)."  (Motion at 2, Docket Nos. 365, 366.)  The Spencers argue that the Court erred in ruling that their

habeas claims failed procedurally because the Spencers raised the ineffective assistance of counsel claims at earlier proceedings and thus were not proper grounds for habeas relief. (*See* Order at 4, Docket No. 364 ("The Spencers have now recast the same issues as ineffective assistance of counsel claims in an attempt to avail themselves of the remedies of § 2255.").)

The Court finds that it applied the correct standard of review under § 2255: "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that **could not have been raised on direct appeal** and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (emphasis added). Additionally, the Court addressed *Strickland* by noting that the Spencers raised ineffective assistance of counsel in their motion for a new trial and on appeal and failed under the stricter standards of those procedures. (Order at 4, Docket No 364.) The Court finds no error of law in its determination that because the ineffective assistance of counsel claims failed on the motions for a new trial and on appeal, therefore relief under § 2255 was unavailable. *See Apfel*, 97 F.3d at 1076.

Furthermore, the Eighth Circuit has established that "inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). As such, this Court reclassifies these 59(e) motions as a successive § 2255 motions, for which the Spencers failed to obtain authorization to

file from the Court of Appeals. In these circumstances, the Court can either transfer the motions to the Court of Appeals or dismiss them for filing the motion with lack of authorization. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). The Court finds that dismissal is appropriate. *See Lindsey v. United States,* No. 4:09CV00267, 2011 WL 304589, at *1 (E.D. Mo. Jan 28, 2011).

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). The Court finds that it is unlikely that another court would decide the issues raised in these § 2255 motions differently. For this reason, the Court concludes that the Spencers have failed to make the required substantial showing of the denial of a constitutional right, and the Court denies a certificate of appealability.

## ORDER

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Antwoyn Spencer's Motion Altering or Amending a Judgment [Docket No. 365] is **DENIED**.

2. Derrick Spencer's Motion Altering or Amending a Judgment [Docket No. 366] is **DENIED**.

3. Antwoyn Spencer's motion to expedite [Docket No. 375] is **DENIED as moot**.

**IT IS FURTHER HEREBY ORDERED** that:

4. The Court does not certify for appeal under 28 U.S.C. § 2253(c)(1)(B) the issues raised in defendants' motions.

DATED: August 16, 2011             _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                United States District Judge