# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-174(1) (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR REDUCED SENTENCE** |
| ANTWOYN TERRELL SPENCER, | |
| Defendant. | |

Erica H. MacDonald, United States Attorney, and Michael L. Cheever, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Antwoyn Terrell Spencer, No. 14781-0401, Federal Correctional Institution – Sandstone, P.O. Box 1000, Sandstone, MN 55072, *pro se* defendant.

In September 2007, a jury found Defendant Antwoyn Terrell Spencer guilty of three counts of a ten-count indictment: Count 1 – conspiracy to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and 846; Count 4 – attempted possession with intent to distribute 5 kilograms or more of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; and Count 8 – money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i). (Indictment at 1-5, May 21, 2007, Docket No. 1 (on file with Court); Jury Verdict, Sept. 18, 2007, Docket No. 144.) At sentencing, the Court determined Spencer's sentencing guideline range to be 324 to 405 months. (Sentencing Tr. at 15-17, Mar. 9, 2009, Docket

No. 321.)  The Court sentenced Spencer to 324 months' imprisonment and 10 years of supervised release on Counts 1 and 4.  (Sentencing J. at 2-3, Jan. 15, 2009, Docket No. 294.) On Count 8, the Court sentenced Spencer to 240 months' imprisonment (the statutory maximum) with 3 years of supervised release.  (*Id.*)  The sentences were to be served concurrently.  (*Id.*)  Spencer appealed his conviction and sentence, but the Eighth Circuit affirmed. *United States v. Spencer*, 592 F.3d 866, 882 (8th Cir. 2010).

Spencer now brings a Motion to Reduce Sentence pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018 ("First Step Act Motion").  (First Step Act Mot., Apr. 15, 2019, Docket No. 443.)  Because Spencer's offenses are not covered by the First Step Act, he is not eligible for a reduction in sentencing, and the Court will deny his First Step Act Motion.

Spencer has also filed two motions asking the Court to expeditiously process his First Step Act Motion, (Mot., May 10, 2019, Docket No. 451; Mot., May 28, 2019, Docket No. 454); a motion requesting a sentencing hearing, (Mot., June 14, 2019, Docket No. 455); and a motion seeking to amend his First Step Act Motion and asking the Court to stay resolution of his First Step Act Motion pending the outcome of a habeas petition he has filed, (Am. Mot., June 21, 2019, Docket No. 456).  The Court will deny these motions as moot.

**DISCUSSION**

## I.  STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed," with some exceptions.  One such exception is when a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

After Spencer was sentenced, Congress enacted the Fair Sentencing Act of 2010, which increased the amount of crack cocaine needed to trigger certain statutory mandatory minimums.  *See* Fair Sentencing Act of 2010, PL 111-220, Aug. 3, 2010, 124 Stat. 2372. A 10-year mandatory minimum sentence for offenses involving crack cocaine is now triggered by 280 grams, not 50 grams.  *See id.* (amending 21 U.S.C. § 841(b)(1)(A)(iii)). A 5-year mandatory minimum sentence for offenses involving crack cocaine is now triggered by 28 grams, not 5 grams.  *See id.* (amending 21 U.S.C. § 841(b)(1)(B)(iii)).  The Fair Sentencing Act also eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine.  *See id.*  (amending 21 U.S.C. § 844(a)).  However, the Fair Sentencing Act was not made retroactively applicable to sentences imposed before its enactment.

In 2018, Congress enacted the First Step Act, which allows a sentencing court to "impose a reduced sentence" on a defendant who committed a "covered offense" as if the Fair Sentencing Act "were in effect at the time the covered offense was committed."  *See* First Step Act of 2018, PL 115-391, December 21, 2018, 132 Stat 5194, 5222.  A "covered offense" is defined by the First Step Act as an offense (1) whose penalty was modified by

the Fair Sentencing Act and (2) that was committed before passage of the Fair Sentencing Act. *Id.*

The First Step Act does not make a sentence reduction automatic; rather, the defendant, the Director of the Bureau of Prisons, an attorney for the United States, or the court itself must move for such a reduction. *Id.* Furthermore, granting a First Step Act motion is left to the discretion of the court, and a motion for reduced sentence under the First Step Act can only be made once. *Id.*

## II.    SPENCER'S FIRST STEP ACT MOTION

The jury found Spencer responsible for at least five kilograms of powder cocaine on both Counts 1 and 4, in addition to finding him responsible for at least 50 grams of crack cocaine on Count 1.[1]  Because both Counts 1 and 4 involved at least five kilograms of powdered cocaine, they triggered the statutory penalty set by 21 U.S.C. § 841(b)(1)(A)(ii), which was not modified by the Fair Sentencing Act.   Because the statutory penalties for Spencer's powder cocaine offenses in Counts 1 and 4 were not modified by the Fair Sentencing Act, the offenses are not "covered offenses" under the First Step Act.

Likewise, the statutory penalty for money laundering in Count 8 was not impacted by the Fair Sentencing Act; thus, the offense is not covered by the First Step Act.

---

[1] Notably, the Probation Office determined that Spencer was responsible for at least 213 kilograms of powder cocaine and at least 56 kilograms of crack cocaine.  (PSR ¶¶ 28, 37 (on file with Court).)  The Court adopted these findings, emphasizing that that the drug quantity attributed to Spencer was more than 40 times the amount necessary to reach the highest base offense level of 38.  (Sentencing Tr. at 14.)

Because none of Spencer's offenses of conviction are covered offenses under the First Step Act, he is not eligible for a sentence reduction under the First Step Act. In other words, even if the Fair Sentencing Act had been in effect when Spencer committed the offenses, the statutory penalties would have been the same, and he would have received the same sentences.[2] As such, the Court will deny Spencer's First Step Act Motion.

## III. ADDITIONAL MOTIONS

Because the Court will deny Spencer's First Step Act Motion, it will also deny his motions to rule on the First Step Act Motion expeditiously as moot.

Spencer is not eligible for a reduced sentence; thus, his motion for a sentencing hearing is moot and will be denied as such.

Finally, Spencer's motion to amend his First Step Act Motion and request that the Court stay its resolution will be denied as moot. No new argument or allegation could entitle Spencer to a reduced sentence under the First Step Act. Review of his conviction, the text of the Fair Sentencing Act, and the text of the First Step Act conclusively shows that he is not entitled to a reduced sentence. The outcome of any habeas petition would likewise not affect the resolution of Spencer's First Step Act Motion. If Spencer were to succeed on a habeas petition and the Court were to vacate his convictions, his motion for a reduced sentence would be moot because there would be no sentence to reduce.

---

[2] Even if Spencer were entitled to resentencing on Count 1, the only count of conviction involving crack cocaine, his sentence would be unaffected as a practical matter because his sentence on Count 4 would not be reduced, and he is serving all three sentences concurrently.

# ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion for Reduced Sentence Pursuant to Section 404 of the First Step Act [Docket No. 443] is **DENIED**;

2.      Defendant's Motion for Immediate Ruling [Docket No. 451] and Motion to Without Delay Grant Motion [Docket No. 454] are **DENIED** as moot;

3.      Defendant's Motion for Sentencing Hearing [Docket No. 455] is **DENIED** as moot; and

4.      Defendant's Motion to Amend his First Step Act Motion [Docket No. 456] is **DENIED** as moot.

DATED:  July 26, 2019  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court