UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTWOYN TERRELL SPENCER,<br><br>Defendant. | Criminal No. 07-174(1) (JRT/JJG)<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE** |

Jeffrey S. Paulsen, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Antwoyn Terrell Spencer, Reg. No. 14781-041, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, pro se.

Defendant Antwoyn Terrell Spencer is serving a 324-month sentence after being found guilty of conspiracy to distribute cocaine and crack cocaine, attempted possession with intent to distribute cocaine, and money laundering. Spencer asks the Court to grant him compassionate release due to the COVID-19 pandemic. Because Spencer fails to demonstrate that extraordinary and compelling reasons warrant reduction of his sentence, and because such a reduction would not be consistent with the § 3553(a) sentencing factors and applicable policy statements, the Court will deny Spencer's Motion for Compassionate Release.

**BACKGROUND**

On September 18, 2007, Spencer was found guilty of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, attempted possession with intent to distribute five kilograms or more of cocaine, and money laundering.  (Jury Verdict at 1–3, Sept. 18, 2007, Docket No. 144.)  On January 15, 2009, Spencer was sentenced to a 324-month term of imprisonment.  (Sentencing J. at 2, Jan. 15, 2009, Docket No. 294.)

Spencer is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC Duluth").  *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 3, 2021).  His projected release date is September 17, 2030.  *Id.*

Currently, FPC Duluth has no active COVID-19 cases among staff or inmates.  *COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 3, 2021).  There have been no COVID-19-related deaths at FPC Duluth during the pandemic.  *Id.*

On May 20, 2020, Spencer filed a Motion for Compassionate Release, (1st Mot. Compassionate Release, May 20, 2020, Docket No. 470), which the Court denied without prejudice because Spencer had not yet requested the Bureau of Prisons ("BOP") to file a motion on his behalf, as required by 18 U.S.C. § 3582(c)(1)(A), (Mem. Op. & Order, Oct. 16, 2020, Docket No. 479).  Spencer asserts that he has now submitted such a request to

the BOP and thus asks the Court to consider again whether compassionate release is warranted.[1] (2nd Mot. Compassionate Release, Oct. 22, 2020, Docket No. 481.)[2]

**DISCUSSION**

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the BOP, to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's

---

[1] The Court notes that, in addition to asking for compassionate release, Spencer's Motion also presents constitutional claims and claims sounding in tort. The Court will not consider these claims here, as they must be made in a properly filed *Bivens* complaint, *see, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 830 (1994) (complaint alleging an Eighth Amendment violation), or a complaint brought pursuant to the Federal Tort Claims Act, *see, e.g.*, *United States v. Muniz*, 374 U.S. 150, 164–65 (1963) (complaint alleging a breach of BOP's duty of care, as established under 18 U.S.C. § 4042).

Further, Spencer seems to request habeas relief in addition to compassionate release. However, neither will the Court consider whether habeas relief is warranted, as such relief must likewise be requested via a properly filed petition. *See generally Pro Se Guidebook for Writs of Habeas Corpus Under 28 U.S.C. § 2241*, U.S. Dist. Court for the Dist. of Minn. (October 2020), https://www.mnd.uscourts.gov/sites/mnd/files/2241-PrisonerGuidebook.pdf.

Spencer is free to assert these claims and request habeas relief, but he must properly file them via, respectively, a complaint or a petition, not a motion for compassionate release.

[2] The Court notes that, while the United States has not filed a brief opposing Spencer's second Motion, it did address the merits of Spencer's compassionate release claims for relief when opposing Spencer's first Motion, (Mem. Opp. at 4–6, June 16, 2020, Docket No. 475), claims which remain unchanged here.

behalf or the lapse of 30 days from the receipt of such a request, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Spencer asserts that he requested the warden to bring a motion on his behalf, the warden either denied and/or failed to respond to the request, and that more than 30 days have passed.[3] Once the relevant 30 days have lapsed, the Court may modify a defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission notes that extraordinary and compelling reasons may exist when a defendant is suffering from a terminal illness or a serious physical or medical condition that substantially diminishes the defendant's ability to provide self-care, *see* U.S.S.G. § 1B1.13 cmt. n.1, but Spencer has no such illness or condition.[4] Additionally, while "there can be no doubt that incarcerated individuals are at a higher risk for

---

[3] Although Spencer has provided no evidence to demonstrate that he made such a request, the Court presumes that this is true given the potential penalties Spencer would face if this assertion, attested to under penalty of perjury, were untrue. *See* 18 U.S.C. § 1621(2); 28 U.S.C. § 1746.

[4] Spencer previously asserted that he suffers from allergies. However, allergies are not a terminal illness or a serious condition substantially diminishing one's ability to provide self-care. Nor are they among the conditions known to increase the risk of suffering severe illness from COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 22, 2021).

-4-

contracting COVID-19 . . . because of the realities of life in congregate-living facilities such as prisons," *United States v. Trice*, No. 12-96, 2020 U.S. Dist. LEXIS 141608, at *4 (D. Minn. Aug. 7, 2020), at this time FPC Duluth has no reported active COVID-19 cases and has had no associated deaths.  As such, the Court finds that there are no extraordinary or compelling reasons warranting a reduction of Spencer's sentence.

Furthermore, the Court finds that a reduction of Spencer's sentence would not comport with the factors set forth in § 3553(a) and the applicable policy statements, which ask the Court to consider, as relevant here, the nature of the offense, whether release would pose a danger to the safety of any person or the community, the length of the sentence and the amount of time served, and whether release would minimize the severity of the offense.  *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.13.  First, as Spencer still has roughly 180 months left to serve, reducing his term of imprisonment or granting him home confinement in lieu of imprisonment would create sentence disparities and minimize the seriousness of the crimes.  Additionally, given the scope of his drug distribution operation and the harmful impacts that this operation had on communities, so modifying Spencer's sentence would also pose a danger to others and the community.

In sum, extraordinary and compelling reasons do not warrant a reduction of Spencer's sentence.  Nor would such a reduction be consistent with the relevant sentencing factors and policy statements.  Thus, the Court will deny Spencer's Motion.

-6-

**ORDER**

Based on the foregoing and on all the files, records, and proceedings herein,

Defendant's Motion for Compassionate Release [Docket No. 481] is **DENIED**.

DATED:  March 5, 2021  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
Chief Judge  
United States District Court