UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Crim. No. 07-174(1) (JRT/JJG) |
| v. | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR A REDUCED SENTENCE |
| ANTWOYN TERRELL SPENCER, | |
| Defendant. | |

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Antwoyn Terrell Spencer, No. 14781-0401, Federal Prison Camp Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* defendant.

In September 2007, a jury found Defendant Antwoyn Terrell Spencer guilty of three counts of a ten-count indictment: Count 1—conspiracy to distribute 5 kilograms or more of powder cocaine and 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; Count 4—attempted possession with intent to distribute 5 kilograms or more of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846; and Count 8—money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i). (Indictment at 1–5, May 21, 2007, Docket No. 1; Jury Verdict, Sept. 18, 2007, Docket No. 144.)

At sentencing, the Court adopted the finding of the Presentence Report that Spencer was responsible for at least 213.4 kilograms of powder cocaine and at least 56.6

kilograms of crack cocaine.  (Sentencing Tr. at 14, Mar. 9, 2009, Docket No. 321; PSR ¶¶ 28, 37 (on file with Court).)  The Court determined that this gave Spencer a base offense level of 38 because this was **more than 40 times the amount needed** to reach the highest base offense level of 38.  (Sentencing Tr. at 14.)  This resulted in a total offense level of 40 after applying a 2-point increase for his role in the offense.  (*Id.* at 14–15.)  With his Category II criminal history, the Court determined Spencer's sentencing guideline range to be 324 to 405 months for these Counts.  (*Id.* at 16–17.)  The Court then sentenced Spencer to 324 months' imprisonment and 10 years of supervised release on Counts 1 and 4.  (Sentencing J. at 2-3, Jan. 15, 2009, Docket No. 294.)

On Count 8, the Court sentenced Spencer to 240 months' imprisonment (the statutory maximum) with 3 years of supervised release.  (*Id.*)  The sentences were to be served concurrently.  (*Id.*)  Spencer appealed his conviction and sentence, and the Eighth Circuit affirmed.  *United States v. Spencer*, 592 F.3d 866, 882 (8th Cir. 2010).

In 2019, Spencer brought a Motion to Reduce Sentence pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018 ("First Step Act Motion").  (First Step Act Mot., Apr. 15, 2019, Docket No. 443.)  The Court found that he was not eligible for a reduction in under the First Step Act and denied his Motion.  *United States v. Spencer*, No. 07-174(1), 2019 WL 3369794, at *2 (D. Minn. July 26, 2019).  Spencer appealed the decision, and the Eighth Circuit reversed and remanded, finding that Spencer was eligible for application of the First Step Act because "covered offenses" for the First Step Act

includes multidrug conspiracies involving crack cocaine if the penalty for crack cocaine was modified even if the sentencing range remained unchanged. *United States v. Spencer*, 998 F.3d 843, 845 (8th Cir. 2021).

After receiving the mandate, the Court ordered Spencer and the United States to submit briefs regarding sentencing. (Notice, July 13, 2021, Docket No. 501.) After the remand, Spencer filed an updated motion to reduce his sentences as well as various motions to expedite resentencing and a motion to clarify the Court's briefing order. (Mot. Expedite Resentencing, July 7, 2021, Docket No. 500; Mot. for Clarification, July 22, 2021, Docket No. 502; Mot. Reduce Sentence, Aug. 20, 2021, Docket No. 511; Mot. Rule on Merits, Aug. 23, 2021, Docket No. 514; Mot. Expedite Sentencing, Nov. 3, 2021, Docket No. 522.) Spencer also requested a sentencing hearing. (Mot. Sentencing Hr'g, Aug. 30, 2021, Docket No. 516.) The United States opposes any reduction in his sentencing, noting that his range has not changed as a result of the First Step Act. (Supp. Opp. Mot Sentence Reduction, Aug. 10, 2021, Docket No. 504.)

While the First Step Act applies to Spencer and he is eligible for resentencing for Counts 1 and 4, the First Step Act does not lower his sentencing guidelines range.[1] Therefore, after considering this and other sentencing factors, the Court will deny his

---

[1] The Fair Sentencing Act and First Step Act do not affect Spencer's 240-month sentence for money laundering. Therefore, even if the First Step Act reduced his sentence on Counts 1 and 4 and he had served the full term for these sentences, Spencer would still not be released at this time as he would still have time remaining on the money laundering sentence.

motion for resentencing, deny his motion for a hearing, and deny his other motions as moot.

## DISCUSSION

**I.    SPENCER'S FIRST STEP ACT MOTION**

Under 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed," with some exceptions. One such exception is when a sentence modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B).

After Spencer was sentenced, Congress enacted the Fair Sentencing Act of 2010, which reduced sentencing disparities between powder cocaine and crack cocaine. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. However, the Fair Sentencing Act was not made retroactively applicable to sentences imposed before its enactment.

In 2018, Congress enacted the First Step Act, which allows a sentencing court to "impose a reduced sentence" on a defendant who committed a "covered offense" as if the Fair Sentencing Act "were in effect at the time the covered offense was committed." *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. A "covered offense" is defined by the First Step Act as an offense (1) whose penalty was modified by the Fair Sentencing Act and (2) that was committed before passage of the Fair Sentencing Act. *Id.*

-4-

The Court examines motions under the First Step Act in two steps: "First, the court must decide whether the defendant is eligible for relief under § 404. Second, if the defendant is eligible, the court must decide, in its discretion, whether to grant a reduction." *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019). A defendant sentenced for a multi-drug conspiracy whose object was to distribute **both** crack cocaine and powder cocaine is eligible for relief under § 404 at step one, regardless of whether the First Step Act ends up decreasing the defendant's sentence at step two. *Spencer*, 998 F.3d at 845–46.

At the first step, Spencer is eligible for resentencing under the First Step Act. Because the statutory penalties for crack cocaine were changed by the Fair Sentencing Act and it was one of the objects of his offense, Spencer's offense is a "covered offense," and he is eligible for relief under § 404 of the First Step Act. *Id.*

Because Spencer is eligible, the Court must now decide, in its discretion, whether to grant a reduction. *See McDonald*, 944 F.3d at 772. District courts considering a First Step Act sentencing reduction have wide discretion to consider several factors including the 18 U.S.C. § 3553(a) factors, post-sentencing rehabilitation, the sentencing court's drug quantity finding, and other considerations. *United States v. Robinson*, 9 F.4th 954, 959 (8th Cir. 2021).

Spencer was sentenced based on 213.4 kilograms of powder cocaine and 56.6 kilograms of crack cocaine. No evidence has been presented indicating he was in fact

responsible for less, therefore the Court will continue to apply these amounts. Under the Sentencing Guidelines in effect at the time Spencer was sentenced, this amount was equivalent to 1,174,680 kilograms of marijuana equivalent and the maximum drug quantity base offense level of 38 was triggered by 150 kilograms of powder cocaine, 4.5 kilograms of crack cocaine, or 30,000 kilograms of marijuana equivalent. U.S.S.G. § 2D1.1(c)(1) (2008); U.S.S.G. § 2D1.1 cmt. n.10 (2008). Today, after application of the Fair Sentencing Act and the First Step Act, these quantities are equivalent to 244,798.6 kilograms of converted drug weight, and a base offense level of 38 is triggered by 450 kilograms of powder cocaine, 25.2 kilograms of crack cocaine, or 90,000 kilograms of converted drug weight. U.S.S.G. § 2D1.1(c)(1) (2018); U.S.S.G. § 2D1.1 cmt. nn.7 & 8(D) (2018). Therefore, Spencer's base offense level is still 38. He exceeds the minimum quantity for level 38 by **more than 2.7 times the amount** necessary. Applying the two-point role enhancement increase, Spencer's base level is still 40.

With a total offense level of 40 and a criminal history category of II, Spencer's guideline range is 324 to 405 months.[2] In other words, because of the quantity of drugs

---

[2] In his Motion, Spencer makes several other legal arguments to reduce his sentence that are not part of the First Step Act. (*See* Mot. Reduce Sentence at 4.) He argues that the Court cannot apply the 2-level increase for a manager role and that his juvenile conviction is inapplicable. (*Id.*) He also argues that that the Court cannot apply any fact beyond what the jury found and that the top of the guideline range is the statutory maximum. (*Id.*) The United States, however, need only prove by a preponderance of the evidence the facts necessary for a sentencing enhancement and for the base level offense calculation. *United States v. Brooks*, 648 F.3d 626, 629 (8th Cir. 2011); *United States v. Starr*, 986 F.2d 281, 282 (8th Cir. 1993). The Court has already overruled his objections to applying the manager role increase to his offense level and his juvenile conviction to his Criminal History Category and Spencer presents no new

Spencer was responsible for, even if the Fair Sentencing Act had been in effect when Spencer committed the offenses, his guideline range would have been the same.

After a review of all other relevant considerations in a First Step Act Motion including the § 3553(a) factors, a 324-month sentence, the bottom of the guideline range, is sufficient but not greater than necessary in this case. The Court can find no basis for a variance from the guideline range. Reducing Spencer's sentence would create sentencing disparities, minimize the seriousness of his crimes, and pose a risk to the public given the scope of the criminal operation Spencer was involved in. *See United States v. Spencer*, No. 07-174(1), 2021 WL 849565, at *2 (D. Minn. Mar. 5, 2021).

Although Spencer is eligible for resentencing under the First Step Act, the Court is not obligated to reduce his sentence. *Spencer*, 998 F.3d at 846. Because the Court finds no basis to reduce Spencer's sentence, the Court will deny Spencer's First Step Act Motion.

## II.    ADDITIONAL MOTIONS

Because the Court will deny Spencer's First Step Act Motion, it will also deny his motions to rule on the First Step Act Motion expeditiously as moot. Additionally, as the

---

arguments beyond those the Court has already rejected. (*See* Sentencing Tr. at 14–15, 23.) Finally, Spencer is simply incorrect that the top of the guidelines range is the statutory maximum for a crime.

He also argues that the word "may" in § 404(b) of the First Step Act means "must" or "is required to." (Mot. Reduce Sentence at 3.) While Spencer is correct that the Court must go to the second step if the defendant is eligible under the first step, the Court still retains sentencing discretion in Step Two. *McDonald*, 944 F.3d at 772.

First Step Act Motion is denied, there is no further need to clarify the record, so Spencer's motion for clarification is denied as moot. Finally, Spencer moves for a resentencing hearing. The First Step Act does not require the Court hold a hearing. *McDonald*, 944 F.3d at 772. As the Court is not required to hold a hearing and nothing indicates that a hearing would be helpful to the Court, the Court will deny Spencer's motion for a resentencing hearing.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for a Reduced Sentence [Docket No. 511] is **DENIED**;

2. Defendant's Motion to Rule on Merits [Docket No. 514] is **DENIED** as moot;

3. Defendant's Motions to Expedite Resentencing [Docket No. 500; Docket No. 522] are **DENIED** as moot;

4. Defendant's Motion for Clarification [Docket No. 502] is **DENIED** as moot; and

5. Defendant's Motion for Sentencing Hearing [Docket No. 516] is **DENIED** as moot.

DATED: November 22, 2021　　　　　　　　　　__John R. Tunheim__
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　United States District Court