**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTWOYN TERRELL SPENCER,

Defendant.

Crim. No. 07-174(JRT/JJG)

**MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS**

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Antwoyn Terrell Spencer, Reg. No. 14781-041, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* defendant.

In 2007, Defendant Antwoyn Terrell Spencer was indicted by a grand jury and convicted by a jury on charges of conspiracy to distribute cocaine, attempted possession with intent to distribute cocaine, and money laundering. Spencer now asks the Court to dismiss the indictment that led to his conviction over fifteen years ago. Spencer argues that the indictment did not comply with the Fifth Amendment's grand jury requirement. Because the indictment fulfilled all constitutional requirements, the Court will deny Spencer's motion.

## BACKGROUND

On May 21, 2007, Spencer was indicted on several counts: conspiracy to distribute cocaine and crack cocaine, attempted possession with intent to distribute cocaine, and multiple counts of money laundering. (Indictment, May 21, 2007, Docket No. 1.) The case was presented to a United States grand jury which heard evidence and found probable cause, thus indicting Spencer on these charges. (*Id.*)

On September 18, 2007, a jury found Spencer guilty of one count of conspiring to distribute cocaine and crack cocaine, one count of attempted possession with intent to distribute cocaine, and one count of money laundering. *See* 21 U.S.C. §§ 841(a)(1), 846, 841(b)(1)(A); 18 U.S.C. §§ 1956(a)(1)(B)(i), 2; (Jury Verdict at 1, Sept. 18, 2007, Docket No. 144.) The jury acquitted Spencer of two additional counts of money laundering. *See* 18 U.S.C. § 1956(a)(1)(B)(i), 2; (Jury Verdict at 3.) Spencer was sentenced to 324 months imprisonment, followed by 10 years of supervised release. (Sentencing J. at 2–3, Jan. 15, 2009, Docket No. 294.) The Eighth Circuit confirmed Spencer's convictions on direct appeal. *United States v. Spencer*, 592 F.3d 866, 870 (8th Cir. 2010).

On June 14, 2022, Spencer filed the instant motion to dismiss his indictment. (Mot. Dismiss Indictment, June 14, 2022, Docket No. 539.) He urges the Court to dismiss the indictment under the Federal Rules of Criminal Procedure 48(b)(1) based upon his belief that he was indicted without a grand jury, so the Court lacked jurisdiction to try his case.

**DISCUSSION**

Spencer argues that the Court lacked jurisdiction over him because he was not indicted by a grand jury. The Court finds that Spencer is factually incorrect and that his indictment complied with all constitutional requirements.

The Fifth Amendment of the United States Constitution provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The United States Supreme Court has repeatedly acknowledged the necessity of the grand jury, explaining that it protects individual citizens "from an open and public accusation of crime, and from the trouble, expense, and anxiety of a public trial before a probable cause is established by the presentment and indictment" of a grand jury. *Ex parte Bain*, 121 U.S. 1, 12 (1887) (internal quotations omitted). In other words, the grand jury "is justly regarded as one of the securities to the innocent against hasty, malicious, and oppressive public prosecutions." *Id.*; citing *Jones v. Robbins*, 74 Mass. 329, 344 (Mass. 1857). The grand jury's impact should not be diminished. When a grand jury returns an indictment, that indictment establishes probable cause to believe that the defendant committed the offenses of which they are charged. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n. 19 (1975); *United States v. Harper*, 466 F.3d 634, 644–45 (8th Cir.2006) ("The grand jury returns an indictment only upon a finding that there is probable cause to believe that a crime has been committed and criminal proceedings should be instituted against a particular defendant.").

Consequentially, courts do not have power to try criminal defendants without indictment by grand jury or a defendant's waiver of the right to be indicted by a grand jury before being charged with a felony. *Ex parte Bain*, 121 U.S. at 13; *Stirone v. United States*, 361 U.S. 212, 216 (1960) (explaining that even broadening an indictment requires resubmission to the grand jury). Mere defects in an indictment, however, will not deprive a court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 631 (2002). A defect in an indictment will only be corrected if it fails the plain-error test of Federal Rules of Criminal Procedure 52(b). *Id.* (explaining that the indictment must include (1) an error, (2) that is plain, and (3) affects substantial rights for it to be reviewable after trial).

Once a grand jury returns an indictment, the indictment must meet two constitutional requirements in order to not be defective. First, the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The purpose of this requirement is to advise the defendant of the nature and cause of the accusation so that they can prepare their defense for their trial. *United States v. Debrow*, 346 U.S. 374, 376 (1953); *Wong Tai v. United States*, 273 U.S. 77, 80–81 (1927). Second, the indictment must enable the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (internal quotation omitted).

Here, Spencer was indicted by a grand jury. Moreover, the indictment meets the two constitutional requirements, so it is not defective. A grand jury indicted Spencer on May 21, 2007. (Indictment, May 21, 2007, Docket No. 1.) This fact was even acknowledged by the Eighth Circuit in 2010. *Spencer*, 592 F.3d at 870 ("On May 21, 2007, a grand jury indicted four defendants: Antwoyn, Derrick, and Fredrick Spencer, and Jovan Gentle"). The Fifth Amendment's grand jury requirement was satisfied.

Not only was Spencer indicted by a grand jury, but the resulting indictment fulfilled the two constitutional requirements. First, it advised Spencer of the charges against him. The indictment identified which of the ten counts applied to Spencer and which applied to his co-defendants. Spencer was able to prepare his defense, which he then pursued during a five-day trial on September 10-14, 2007. (Court Minutes, Sept. 10-14, Docket Nos. 130, 131, 133, 137.) Second, the indictment identified the nature and circumstances of the crimes, including approximate dates and locations, and such specification in turn provided Spencer with "ample protection against the risk of multiple prosecutions for the same crime." *Resendiz-Ponce*, 549 U.S. at 108. Therefore, the indictment met both constitutional requirements and is not defective.

In sum, the United States' charges against Spencer were presented to a grand jury and his resulting indictment was not defective because it fulfilled all constitutional requirements. The Court will therefore deny Spencer's Motion.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss the Indictment [Docket No. 539] is **DENIED.**

DATED: October 24, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge