UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal No. 07-174(1) (JRT/JJG) |
| v. | |
| ANTWOYN TERRELL SPENCER, | **MEMORANDUM ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR RESENTENCING** |
| Defendant. | |

---

Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 316 North Robert Street, Suite 404, Saint Paul, MN 55101, for Plaintiff.

Antwoyn Terrell Spencer, Reg. No. 14781-041, Federal Prison Camp Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* Defendant.

Defendant Antwoyn Terrell Spencer is currently serving a 324-month sentence for conspiracy to distribute cocaine, attempted possession with intent to distribute cocaine, and money laundering.  In 2019, Spencer brought a Motion to Reduce Sentence pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018.  After the Court received the Eighth Circuit mandate finding that Spencer was eligible for application of the First Step Act, the Court found that the Act did not lower Spencer's sentencing guidelines range and thus denied his motion for resentencing, among other motions.  Spencer now moves for resentencing on remand and an expeditious resentencing hearing.  Because the Court is not obligated to reduce Spencer's sentence and further finds no basis to do so, the Court will deny Spencer's Motion for Resentencing and Motion to Expedite Resentencing.

**BACKGROUND**

In September 2007, a jury found Spencer guilty of three counts: one count of conspiracy to distribute 5 or more kilograms of powder cocaine and 50 or more grams of crack cocaine, one count of attempted possession with intent to distribute 5 or more kilograms of cocaine, and one count of money laundering.  (Jury Verdict, Sept. 18, 2007, Docket No. 144.)  Spencer was sentenced to 324 months' imprisonment, followed by 10 years of supervised release.  (Sentencing J. at 2–3, Jan. 15, 2009, Docket No. 294.)  The Eighth Circuit affirmed Spencer's conviction on direct appeal.  *United States v. Spencer*, 592 F.3d 866, 870 (8th Cir. 2010).

After his conviction, Spencer filed numerous motions with the Court.  In 2019, Spencer brought a Motion to Reduce Sentence pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018 ("First Step Act Motion").  (First Step Act Mot., Apr. 15, 2019, Docket No. 443.)  The Court found that he was not eligible for a reduction in under the First Step Act and denied his Motion.  *United States v. Spencer* ("*Spencer I*"), No. 07-174(1), 2019 WL 3369794, at *2 (D. Minn. July 26, 2019).  On appeal, the Eighth Circuit reversed and remanded, finding that Spencer was eligible for application of the First Step Act because "covered offenses" for the First Step Act includes multidrug conspiracies involving crack cocaine if the penalty for crack cocaine was modified, even if the sentencing range remained unchanged.  *United States v. Spencer*, 998 F.3d 843, 845–46 (8th Cir. 2021).

After receiving the mandate, the Court found that while Spencer was eligible for resentencing of two out of the three counts, the First Step Act did not lower his sentencing guidelines range. Specifically, the Court found that after application of the Fair Sentencing Act and the First Step Act, the drug quantities upon which Spencer's sentence was predicated is equivalent to 244,798.6 kilograms of converted drug weight, and because that amount is over 2.7 times the minimum amount necessary to trigger a base level offense of 38, the base level offense of 38 applies. *United States v. Spencer* ("*Spencer II*"), No. 07-174(1), 2021 WL 5449284, at *2 (D. Minn. Nov. 22, 2021), *aff'd*, No. 21-3728, 2022 WL 897941 (8th Cir. Jan. 24, 2022), *cert. denied*, 214 L. Ed. 2d 32, 143 S. Ct. 122 (2022). Further, applying the two-point role enhancement increase, Spencer's base level is 40. *Id.* at *3. With a criminal history category of II, Spencer's guideline range is 324 to 405 months. *Id.* After considering this and other sentencing factors, the Court determined that there was no basis for a variance from this range and that Spencer's 324-month sentence, at the bottom of the guideline range, was sufficient but not greater than necessary. *Id.* The Court thus denied his motion for resentencing and for a hearing. *Id.* at *4.

On May 8, 2023, Spencer again filed a motion for resentencing on remand and expeditious resentence hearing. (Defs.' Mot. for Resentencing on Remand and Expeditious Resentencing Hearing, May 8, 2023, Docket No. 547.) Spencer contends that

he is eligible for resentencing under the First Step Act following the Eighth Circuit's remand and that he is allowed to be present at the resentencing hearing. (*Id.*)

## DISCUSSION

If the Court determines that a defendant is eligible for a sentence reduction under the First Step Act, "it must decide, in its discretion, whether to grant a reduction." *United States v. McDonald*, 994 F.3d 769, 777 (8th Cir. 2019). As the Eighth Circuit determined, and the Court later acknowledged, Spencer is indeed eligible for a sentence reduction. *See Spencer II*, 2021 WL 5449284, at *2. Thus, the Court must exercise its discretion and consider whether a reduction is warranted.

Spencer presents no new evidence, nor can the Court find any basis, that would justify a reduction in Spencer's sentence. The Court previously considered all relevant factors before ultimately denying Spencer's motion. Specifically, because his guideline range remain unchanged and no other factors supported relief, the Court, in its discretion, determined that a reduction was not warranted. *Id.* A resentencing to reduce Spencer's term of imprisonment is still not warranted here.

District courts considering a First Step Act sentencing reduction have wide discretion to consider several factors including the 18 U.S.C. § 3553(a) factors, post-sentencing rehabilitation, the sentencing court's drug quantity finding, and other considerations. *United States v. Robinson*, 9 F.4th 954, 959 (8th Cir. 2021). In considering such factors, this Court determined that reducing Spencer's sentence would create sentencing disparities, minimize the seriousness of his crimes, and pose a risk to the public

given the scope of the criminal operation in which Spencer was involved.  *Spencer II*, 2021 WL 5449284, at *3.  Such disparities remain unchanged.

Again, the Court is not obligated to reduce Spencer's sentence.  *McDonald*, 944 F.3d at 771; *see* First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").  As this Court was the original sentencing court, it is "uniquely positioned to consider the many factors necessary in exercising its ultimate decision." *United States v. Howard*, 962 F.3d 1013, 1015 (8th Cir. 2020).  The Court has considered many factors and determined that the relief Spencer seeks is not warranted, and a hearing is both not required and unnecessary.  *McDonald*, 944 F.3d at 772.

Therefore, because the Court finds that there is no basis to reduce Spencer's sentence, and that neither a reduction nor resentencing hearing is required by the Act, the Court will deny Spencer's Motion for Resentencing and Motion to Expedite Resentencing.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Resentencing on Remand and Expeditious Resentencing Hearing [Docket No. 547] is **DENIED**.

DATED:  August 2, 2023                                  s/John R. Tunheim
at Minneapolis, Minnesota.                              JOHN R. TUNHEIM
                                                        United States District Judge